■ In the Matter of MICHAEL K., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAULINE K., Appellant. (Appeal No. 2.) [726 NYS2d 44] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Dillon, J. (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Burns, JJ.

■ In the Matter of KYLE K., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAULINE K., Appellant. (Appeal No. 3.) [726 NYS2d 44] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Dillon, J. (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Burns, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST L. MCKNIGHT, Appellant. [728 NYS2d 596] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of robbery in the third degree (Penal Law § 160.05), petit larceny (Penal Law § 155.25), and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). Defendant contends that his right to counsel was violated because his attorney was not present in the Grand Jury room when he executed his waiver of immunity (*see, People v Kirk*, 275 AD2d 983, *lv denied* 96 NY2d 736). We disagree. The record establishes that defendant appeared at the Grand Jury proceedings accompanied by his attorney, and defendant acknowledged that he understood that his attorney could be present with him in the Grand Jury room if he so desired. Defendant was afforded an adequate opportunity to confer with his attorney, who was present immediately outside the Grand Jury room, before signing the waiver of immunity and testifying before the Grand Jury (*see, People v Williams*, 277 AD2d 508, 509-510; *People v Caruso,* 125 AD2d 403). Under the circumstances of this case, we conclude that defendant's right to counsel was not violated. We further conclude that the waiver of immunity complied with the mandates of CPL 190.45 (2) (*see, People v Stewart,* 92 NY2d 965, 966-967; *People v Hanley*, 227 AD2d 144, 144-145; *People v Heidelmark*, 214 AD2d 767, 769, *lv denied* 85 NY2d 973; *People v Cole*, 196 AD2d 634, 636).

Contrary to the contention of defendant, County Court properly concluded that defendant's statements were voluntary and thus admissible at trial (*see, People v Johnson*, 265 AD2d 930, 930-931, *lv denied* 94 NY2d 921). Finally, the court did