■ In the of Matter of the STATE OF NEW YORK, Appellant, v JEROME A., Respondent. [27 NYS3d 150]—

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered September 18, 2015, which, after an evidentiary hearing, dismissed the State of New York's petition for the civil management of respondent pursuant to article 10 of the Mental Hygiene Law, unanimously reversed, on the law, without costs, the petition reinstated, and the matter remanded for an article 10 trial.

Upon the filing of a sex offender civil management petition, Supreme Court "shall conduct a hearing without a jury to determine whether there is probable cause to believe that the respondent is a sex offender requiring civil management" (Mental Hygiene Law § 10.06 [g]). At an article 10 probable cause hearing, Supreme Court shall determine whether the State has established that there is "reasonable cause to believe" that the respondent is a detained sex offender who suffers from a mental abnormality, as defined in the Mental Hygiene Law (*Matter of State of New York v Enrique T.*, 93 AD3d 158, 167 [1st Dept 2012], *lv dismissed* 18 NY3d 976 [2012]).

Supreme Court erred in finding that the State failed to meet its probable cause burden. "[I]n article 10 proceedings, issues concerning the viability and reliability of the respondent's diagnosis are properly reserved for resolution by the jury" (*Matter of State of New York v Floyd Y.*, 135 AD3d 70, 72-73 [1st Dept 2015]), unless the respondent's evidence is deficient (*see e.g. Matter of State of New York v Donald DD.*, 24 NY3d 174,

188-191 [2014] [evidence that a respondent suffers from antisocial personality disorder and has committed sex crimes cannot, without evidence of some independent mental abnormality diagnosis, be used to support a finding that the respondent has a mental abnormality]). Here, the State expert opined that respondent suffers from a mental abnormality within the meaning of the Mental Hygiene Law based on a diagnosis of antisocial personality disorder (ASPD) with psychopathy. Although the factfinder at trial may or may not accept the expert's opinion, the expert's testimony at the hearing was not so deficient as to warrant dismissal of the petition at this early juncture, especially since the expert offered extensive testimony regarding the distinctions between ASPD and psychopathy, and since the Court of Appeals in *Donald DD.* did not state that a diagnosis of ASPD with psychopathy is insufficient to support a finding of mental abnormality (*see* 24 NY3d at 189-191). Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.