■ In the Matter of JOHN SUGGS, Consecutive No. 29671, for Discharge from Central New York Psychiatric Center Pursuant to Mental Hygiene Law § 10.09, Respondent, v STATE OF NEW YORK et al., Appellants. [39 NYS3d 553]—

Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered October 2, 2015 in a proceeding pursuant to Mental Hygiene Law article 10. The order granted petitioner's motion for a directed verdict during an annual review hearing, determining that petitioner does not suffer from a mental abnormality and directing his unconditional release from the custody of respondent New York State Office of Mental Health.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the matter is remitted to Supreme Court, Oneida County, for further proceedings on the petition in accordance with the following memorandum: Respondents appeal from an order that granted petitioner's motion for a directed verdict during an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that petitioner does not suffer from a mental abnormality under Mental Hygiene Law § 10.03 (i) and directing his unconditional discharge from the custody of respondent New York State Office of Mental Health (see § 10.09 [h]). We agree with respondents that Supreme Court erred in granting the motion for a directed verdict. We therefore reverse the order, deny the motion and remit the matter to Supreme Court for further proceedings on the petition.

Pursuant to the Mental Hygiene Law, a person is classified as a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The statute defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]). "Section 10.03 (i)'s language 'congenital or acquired condition, disease or disorder' is not limited to solely sexual disorders . . . Rather, one may

possess a 'condition, disease or disorder' that does not constitute a 'sexual disorder' but nonetheless 'affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense' " (*Matter of State of New York v Dennis K.*, 27 NY3d 718, 743 [2016]).

Here, the court relied on *Matter of State of New York v Donald DD.* (24 NY3d 174 [2014]) in concluding that, while petitioner's antisocial personality disorder and psychopathic traits predisposed him to the commission of conduct constituting a sex offense, such disorder and traits, alone or in combination, are not sexual disorders and thus as a matter of law do not constitute a mental abnormality within the meaning of the Mental Hygiene Law. We conclude, however, that the court erred in granting petitioner's motion for a directed verdict inasmuch as *"Donald DD.* did not engraft upon the 'condition, disease, or disorder' prong a requirement that the 'condition, disease or disorder' must constitute a 'sexual disorder' " (*Dennis K.*, 27 NY3d at 743). Thus, upon "view[ing] the evidence in the light most favorable to the nonmoving part[ies]" (*Matter of Wright v State of New York*, 134 AD3d 1483, 1484 [2015]), we conclude that the evidence presented by respondents in this case was sufficient to withstand petitioner's motion for a directed verdict. Present—Centra, J.P., Peradotto, Lindley, DeJoseph and Curran, JJ.