# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**993**
**CA 15-01714**
PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF THE APPLICATION OF STATE OF
NEW YORK, PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SCOTT PETERS, RESPONDENT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR PETITIONER-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Cattaraugus County (John L. Michalski, A.J.), entered April 3, 2015 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10. Respondent contends that the evidence is legally insufficient to support a finding that he suffers from a mental abnormality within the meaning of the statute because the testimony at the jury trial did not establish that he has "serious difficulty in controlling" his sex-offending behavior (§ 10.03 [i]). Even assuming, arguendo, that respondent preserved that contention for our review (cf. *Matter of Vega v State of New York*, 140 AD3d 1608, 1609), we conclude that it is without merit. Petitioner presented the testimony of two psychologists who opined that respondent suffers from, among other things, pedophilic disorder and antisocial personality disorder, and that, as a result of those mental abnormalities, respondent has serious difficulty controlling his sex-offending behavior. One of the psychologists testified that her opinion was based upon respondent's pattern of sexual misconduct, his failure to show improvement in controlling his behavior after sex offender treatment, and his poor prison disciplinary record, which included multiple instances of misbehavior of a sexual nature. Viewing the evidence in the light most favorable to petitioner, we conclude that petitioner "provided '[a] detailed psychological portrait' of respondent that met [its] burden of demonstrating by clear and convincing evidence that he had 'serious difficulty' in

controlling his sex-offending conduct" (*Matter of State of New York v Dennis K.*, 27 NY3d 718, 751; *see Matter of State of New York v Williams*, 139 AD3d 1375, 1378).

We also reject respondent's contention that the verdict with respect to mental abnormality is against the weight of the evidence. Although respondent's psychologist testified that respondent suffered from posttraumatic stress disorder stemming from his own sexual abuse as a child and that his sex offenses did not support a diagnosis of pedophilic disorder or a conclusion that he suffers from a mental abnormality, the jury's verdict is entitled to deference, and we conclude that the evidence does not "preponderate[] so greatly in [respondent's] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1474, *lv denied* 17 NY3d 702 [internal quotation marks omitted]).  Contrary to respondent's contention, any failure by petitioner's experts to adhere strictly to each criterion listed in the Diagnostic and Statistical Manual of Mental Disorders (DSM-V) does not render their diagnosis of pedophilic disorder against the weight of the evidence.  Here, petitioner's experts testified that the DSM-V cannot be employed rigidly and expressly provides for the use of clinical judgment in the forensic setting, and the experts opined that the diagnosis was appropriate based upon their full assessments of respondent's pattern of behavior (*see Matter of State of New York v Pierce*, 79 AD3d 1779, 1779-1780, *lv denied* 16 NY3d 712; *Matter of State of New York v Shawn X.*, 69 AD3d 165, 169-171, *lv denied* 14 NY3d 702; *see generally Matter of State of New York v Shannon S.*, 20 NY3d 99, 106, *cert denied* ___ US ___, 130 S Ct 1500).

We reject respondent's further contention that the evidence presented at the dispositional hearing is not legally sufficient to establish that he requires confinement.  Petitioner established by the requisite clear and convincing evidence that respondent "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; *see Matter of Billinger v State of New York*, 137 AD3d 1757, 1758, *lv denied* 27 NY3d 911).  Contrary to respondent's contention, Supreme Court's determination that he required confinement is not against the weight of the evidence.  The court "was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented . . . , and we see no reason to disturb the court's decision to credit the testimony of petitioner's experts" (*Matter of State of New York v Parrott*, 125 AD3d 1438, 1439, *lv denied* 25 NY3d 911 [internal quotation marks omitted]).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court