Matter of State of New York v Edward T. (2018 NY Slip Op 03298)





Matter of State of New York v Edward T.


2018 NY Slip Op 03298


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


627 CA 17-00173

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
EDWARD T., AN INMATE IN THE CUSTODY OF NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, FOR CIVIL MANAGEMENT PURSUANT TO MENTAL HYGIENE LAW ARTICLE 10, RESPONDENT-APPELLANT. 






KEVIN D. WILSON, DEPUTY DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, ROCHESTER (MICHAEL F. HIGGINS OF COUNSEL), FOR RESPONDENT-APPELLANT.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered November 3, 2016 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order revoking his regimen of strict and intensive supervision and treatment, determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.). Contrary to respondent's contention, viewing the evidence in the light most favorable to petitioner (see Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]), we conclude that there is sufficient evidence to support the finding of Supreme Court that respondent is a dangerous sex offender requiring confinement, i.e., that he has "a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility"
(§ 10.03 [e]; cf. Matter of State of New York v Michael M., 24 NY3d 649, 658-660 [2014]).
We further conclude that the determination that respondent is a dangerous sex offender requiring confinement is not against the weight of the evidence. The court was in the best position to evaluate the weight and credibility of the uncontradicted testimony of petitioner's expert, and we see no reason to disturb the court's determination (see Matter of State of New York v Peters, 144 AD3d 1654, 1656 [4th Dept 2016]). Respondent's contention that petitioner's expert psychiatric examiner misapplied certain assessment tests is raised for the first time on appeal and thus is not properly before us (see Matter of State of New York v Breeden, 140 AD3d 1649, 1650 [4th Dept 2016]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court