Matter of State of New York v James R.C. (2018 NY Slip Op 06655)





Matter of State of New York v James R.C.


2018 NY Slip Op 06655


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


977 CA 17-00168

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
JAMES R.C., AN INMATE IN THE CUSTODY OF NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-APPELLANT. 






SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, ROCHESTER (JANINE E. RELLA OF COUNSEL), FOR RESPONDENT-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered August 19, 2016 in a proceeding pursuant to Mental Hygiene Law article 10. The amended order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an amended order pursuant to Mental Hygiene Law article 10 determining, following a jury trial, that he is a detained sex offender who has a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and determining, following a dispositional hearing, that he is a dangerous sex offender requiring confinement in a secure treatment facility.
We reject respondent's contention that the evidence is not legally sufficient to establish that he has a mental abnormality. Petitioner's expert witnesses testified that respondent suffers from pedophilic disorder and antisocial personality disorder, that his diagnosis predisposes him to commit sex offenses, and that his entrenched behavior, conduct while incarcerated, and lack of treatment demonstrates that he has serious difficulty controlling his sex-offending behavior. We therefore conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent has "a congenital or acquired condition, disease or disorder that affects [his] emotional, cognitive, or volitional capacity . . . in a manner that predisposes him . . . to the commission of conduct constituting a sex offense and that results in [respondent] having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]; see Matter of State of New York v Scholtisek, 145 AD3d 1603, 1604 [4th Dept 2016]; Matter of State of New York v Peters, 144 AD3d 1654, 1654-1655 [4th Dept 2016]; see generally Matter of State of New York v Dennis K., 27 NY3d 718, 726 [2016], cert denied — US &mdash, 137 S Ct 579 [2016]).
We further conclude that the verdict finding that respondent has a mental abnormality is not against the weight of the evidence (see Scholtisek, 145 AD3d at 1604; Peters, 144 AD3d at 1655). Although respondent's expert testified that respondent did not have a mental abnormality,
" [t]he jury verdict is entitled to great deference based on the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony' " (Matter of State of New York v Gierszewski, 81 AD3d 1473, 1474 [4th Dept 2011], lv denied 17 NY3d 702 [2011]; see also Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]). Upon our review of the record, we conclude that "the evidence does not preponderate[] so greatly in [respondent's] favor that the jury could not have reached its [*2]conclusion on any fair interpretation of the evidence" (Gierszewski, 81 AD3d at 1474 [internal quotation marks omitted]).
Respondent next contends that Supreme Court erred in its rulings with respect to two prospective jurors. CPL 270.20 applies to this Mental Hygiene Law article 10 proceeding (see Mental Hygiene Law
§ 10.07 [b]), and "provides that a party may challenge a potential juror for cause if the juror has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial' " (People v Harris, 19 NY3d 679, 685 [2012], quoting CPL 270.20 [1] [b]). A " prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial' " (Harris, 19 NY3d at 685, quoting People v Chambers, 97 NY2d 417, 419 [2002]). Respondent's contention that the court erred in denying his challenge for cause with respect to one prospective juror is not a basis for reversal inasmuch as he did not exhaust all of his peremptory challenges (see CPL 270.20 [2]; People v Brown, 101 AD3d 1627, 1628 [4th Dept 2012]; see generally People v Lynch, 95 NY2d 243, 248 [2000]). In any event, that contention lacks merit inasmuch as that prospective juror said nothing that would call into question her ability to be fair and impartial (see People v Brooks, 159 AD3d 1576, 1576 [4th Dept 2018], lv denied
— NY3d — [Aug. 3, 2018]; see generally People v Arnold, 96 NY2d 358, 363 [2001]). The court also did not err in sua sponte excusing another prospective juror for cause over respondent's objection. That prospective juror indicated on the juror questionnaire that she believed that she could not be fair and impartial. Upon questioning by the court, the prospective juror was unable to give an unequivocal statement that she could be fair and impartial, and she was therefore properly excused (see People v McKnight, 284 AD2d 955, 955-956 [4th Dept 2001], lv denied 96 NY2d 941 [2001]; see generally People v Johnson, 94 NY2d 600, 614 [2000]).
Contrary to respondent's contention, the court properly allowed certain records to be admitted in evidence because they satisfied the two-part test set forth in Matter of State of New York v Floyd Y. (22 NY3d 95, 109 [2013]) for the admission of hearsay basis evidence. Respondent's contention that the records from his prison disciplinary proceeding were not reliable is without merit. At the relevant disciplinary proceeding, respondent was found guilty of an infraction that was sexual in nature, and "[h]earsay about sex offenses that are supported by adjudications of guilt, such as convictions or guilty pleas, is inherently reliable and may be admitted through expert testimony without offending due process" (Matter of State of New York v John S., 23 NY3d 326, 343 [2014], rearg denied 24 NY3d 933 [2014] [internal quotation marks omitted]).
We reject respondent's contention that the evidence is not legally sufficient to establish that he requires confinement. Petitioner's expert opined that respondent has an obsession with young boys and needs intensive treatment, which he had not received, and a relapse prevention plan, which he did not have. We conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; see Peters, 144 AD3d at 1655-1656; see generally Matter of State of New York v Michael M., 24 NY3d 649, 658-659 [2014]). We further conclude that the court's determination that respondent is a dangerous sex offender requiring confinement is not against the weight of the evidence (see Peters, 144 AD3d at 1656).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court