Matter of State of New York v Jesus H. (2019 NY Slip Op 07858)





Matter of State of New York v Jesus H.


2019 NY Slip Op 07858


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


30202/16 -7291 10253 & 

[*1] In re The State of New York, Petitioner-Respondent,
v
Jesus H., Respondent-Appellant.


Marvin Bernstein, Mental Hygiene Legal Service, New York (Diane Goldstein Temkin of counsel), for appellant.
Letitia James, Attorney General, New York (Philip J. Levitz of counsel), for respondent.



Order, Supreme Court, New York County (Daniel Conviser, J.), entered August 28, 2018, which, insofar as appealed from as limited by the briefs, after a bench trial, determined that respondent is a detained sex offender who suffers from a mental abnormality requiring him to be subject to civil management under Mental Hygiene Law (MHL) article 10, unanimously affirmed, without costs.
In 1993, respondent threatened his stepmother with a knife, telling her he planned to rape and kill her. His stepmother pleaded with him not to hurt her. In response, he orally sodomized her, repeatedly punched her in the face, stabbed her in the neck, and lacerated her throat. When his original knife broke, he sought another one in the house, came back, and continued to stab her. When she become unresponsive, respondent hid the knife in the house, washed himself off, and fled. When he was apprehended, respondent admitted the crime, but stated he did not "give a shit about the whole thing." For this offense, he was convicted and sentenced to up to 23 years of incarceration.
In 2002, while serving his sentence, respondent lured a female corrections officer into a secluded space and began punching her head and face repeatedly until she briefly lost consciousness. When she revived, respondent began kicking her in her spine, and then smashed her head into a block wall. Again, she briefly passed out. Upon awakening, she found that respondent had opened her shirt, put his face in her chest, and was undoing her pants, and he grabbed her "private female parts." He was then apprehended by other correction officers who had entered the space and subdued him. For this offense, he was sentenced to seven years incarceration, to be served in solitary confinement, where he remained from 2002 until 2012.
During the entirety of his incarceration period, respondent committed 24 disciplinary violations, 17 of which were of the most serious class, and some of which were sex-related, including sending crude letters to various female corrections officers and masturbating while maintaining eye contact with the prison librarian. Many female corrections officers refused to guard respondent due to this harassing behavior.
When respondent was up for release in 2016, the State initiated this article 10 proceeding. In an article 10 trial, evidence that a respondent suffers from anti-social personality disorder (ASPD) can be "used to support a finding [of] mental abnormality as defined by Mental Hygiene Law § 10.03(i) when it is . . . accompanied by any other diagnosis of mental abnormality" (Matter of State of New York v Donald DD., 24 NY3d 174, 177 [2014] [emphasis added]).
In its decision, Supreme Court, after a bench trial, credited the expert testimony diagnosing respondent with ASPD and psychopathic traits and features, but declined to credit their diagnoses of a variety of other disorders including sexual sadism disorder. It proffered no explanation as to its decision, but nevertheless granted the State's petition. Respondent appeals.
With regard to the appropriate scope of this Court's review on this appeal, it is well settled that as to the review of a judgment following a nonjury trial, this Court's "authority is as [*2]broad as that of the trial court" and that "as to a bench trial [the Appellate Division] may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]; Green v William Penn Life Ins. Co. of N.Y., 74 AD3d 570, 571 [1st Dept 2010, Saxe, J., concurring]).
Although we agree with Supreme Court's conclusion, we find that it erred by not crediting the expert diagnoses of sexual sadism disorder, as this diagnosis was clearly supported by the record. This disorder, when paired with the diagnosis of ASPD, is sufficient to meet the criteria to show that respondent has a predisposition of conduct constituting a sex offense, as required under Donald DD. to establish a mental abnormality under article 10 (see Donald DD., 24 NY3d at 177; Matter of Suggs v State of New York, 142 AD3d 1283 [4th Dept 2016]). Moreover, the State submitted clear and convincing evidence that respondent's conduct while imprisoned supports not only his predisposition to commit conduct constituting a sex offense but also his "serious difficulty in controlling such conduct" (Matter of State of New York v Dennis K., 27 NY3d 718, 726 [2016], cert denied __US__, 137 S Ct 574 [2016] [internal quotation marks omitted]).
Supreme Court is owed no deference in light of its lack of explanation or indication as to why it declined to credit the expert testimony underlying the diagnoses, while crediting the same experts' diagnosis of ASPD (see e.g. Bernard v State of New York, 34 AD3d 1065, 1067 [3d Dept 2006] [where a trial court "did
not resolve issues of credibility, no deference is owed"]). Additionally, we also note that, as Supreme Court mentioned, respondent refused to be interviewed by a psychiatric examiner, and, under article 10, we are permitted to consider that fact in reaching this decision (MHL 10.07[c]).
M
7291 - State of New York v Jesus H.
Motion to strike portions of brief granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK