Matter of Edward T. v State of New York (2020 NY Slip Op 04044)





Matter of Edward T. v State of New York


2020 NY Slip Op 04044


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


587 CA 19-01230

[*1]In the Matter of the Discharge of EDWARD T., CONSECUTIVE NO. 345241, FROM CENTRAL NEW YORK PSYCHIATRIC CENTER, PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 






SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (STEVEN J. HUNTZINGER OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered May 14, 2019 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, continued petitioner's confinement to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order of County Court, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We affirm.
We reject petitioner's contention that the evidence is legally insufficient to establish that he is a dangerous sex offender requiring confinement. Pursuant to the Mental Hygiene Law, a person may be found to be a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control [his or her] behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The Mental Hygiene Law defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]).
Here, viewing the evidence in the light most favorable to respondent (see Matter of State of New York v John S., 23 NY3d 326, 348 [2014]), we conclude that it is legally sufficient to establish by clear and convincing evidence " the predisposition prong of the mental abnormality test' " (Matter of State of New York v Anthony B., 180 AD3d 688, 691 [2d Dept 2020]; see also Matter of Vega v State of New York, 140 AD3d 1608, 1608-1609 [4th Dept 2016]). Respondent's expert diagnosed petitioner with pedophilic disorder, zoophilia, alcohol use disorder, and cannabis use disorder, which, when viewed in combination, predisposed petitioner to commit sex offenses and were sufficiently connected to his sex offending behavior (see Matter of State of New York v Richard TT., 132 AD3d 72, 76-77 [3d Dept 2015], affd 27 NY3d 718 [2016], cert denied — US — , 137 S Ct 836 [2017]; Matter of State of New York v Peters, 144 AD3d 1654, 1654-1655 [4th Dept 2016]). We reject petitioner's argument that any failure by [*2]respondent's expert to adhere strictly to each criterion listed in the Diagnostic and Statistical Manual of Mental Disorders rendered her diagnosis of pedophilic disorder insufficient to support the court's determination (see generally Peters, 144 AD3d at 1655; Matter of State of New York v Pierce, 79 AD3d 1779, 1780 [4th Dept 2010], lv denied 16 NY3d 712 [2011]).
We further conclude that the evidence is legally sufficient to establish by clear and convincing evidence that petitioner has "serious difficulty in controlling" his sexual conduct (Mental Hygiene Law § 10.03 [i]; see Matter of State of New York v James R.C., 165 AD3d 1612, 1613 [4th Dept 2018]; Matter of Allan M. v State of New York, 163 AD3d 1493, 1494 [4th Dept 2018], lv denied 32 NY3d 908 [2018]). Respondent established that petitioner has made very little progress in sex offender treatment based on his sporadic attendance and superficial participation. In general, petitioner has shown a lack of interest in meaningfully discussing his prior offenses and has not been able to develop insight into his offense cycle (see Allan M., 163 AD3d at 1494; Matter of Pierce v State of New York, 148 AD3d 1619, 1621 [4th Dept 2017]).
Respondent's expert also established that by not understanding his sex offense cycle and by failing to create a relapse prevention plan, petitioner did not reduce the risk that he would reoffend (see Matter of Billinger v State of New York, 137 AD3d 1757, 1758 [4th Dept 2016], lv denied 27 NY3d 911 [2016]). For that and the aforementioned reasons, we also conclude that respondent met its burden of establishing that petitioner has "such an inability to control [his] behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; see generally Matter of State of New York v Michael M., 24 NY3d 649, 658-659 [2014]).
Finally, we conclude that the court's determination is not against the weight of the evidence because there is "no basis to disturb [the court's] decision to credit the testimony of [respondent's] expert over that of [petitioner's expert]" (Matter of State of New York v Connor, 134 AD3d 1577, 1578 [4th Dept 2015], lv denied 27 NY3d 903 [2016] [internal quotation marks omitted]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court