Matter of Clarence H. v State of New York (2021 NY Slip Op 03941)





Matter of Clarence H. v State of New York


2021 NY Slip Op 03941


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


224 CA 20-00485

[*1]IN THE MATTER OF CLARENCE H., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 






KEVIN D. WILSON, ACTING DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (PATRICK L. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Gerard J. Neri, J.), entered January 28, 2020 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, continued the confinement of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We affirm.
We reject petitioner's contention that the evidence at the hearing was insufficient to establish that he has a mental abnormality as defined by the Mental Hygiene Law, i.e., "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]). Respondent's expert opined that petitioner suffers from a mental abnormality within the meaning of the Mental Hygiene Law based on a diagnosis of antisocial personality disorder and "the condition of psychopathy," which is sufficient to establish the "condition, disease or disorder" prong of the mental abnormality test (see Matter of State of New York v Jerome A., 137 AD3d 557, 558 [1st Dept 2016]; see generally Matter of Suggs v State of New York, 142 AD3d 1283, 1284 [4th Dept 2016]). Respondent's expert further linked those diagnoses to petitioner's predisposition to engage in conduct constituting the commission of sex offenses (see Matter of State of New York v Dennis K., 27 NY3d 718, 744 [2016], cert denied — US &mdash, 137 S Ct 579 [2016]). Thus, viewing the evidence in the light most favorable to respondent (see Matter of State of New York v John S., 23 NY3d 326, 348 [2014]), we conclude that it is legally sufficient to establish by clear and convincing evidence " 'the predisposition prong of the mental abnormality test' " (Matter of State of New York v Anthony B., 180 AD3d 688, 691 [2d Dept 2020], lv denied 35 NY3d 913 [2020]; see generally Matter of Vega v State of New York, 140 AD3d 1608, 1608-1609 [4th Dept 2016]).
We reject petitioner's further contention that Supreme Court's determination that he suffers from a mental abnormality is against the weight of the evidence. Although petitioner presented expert testimony that would support a contrary finding, "that merely raised a credibility issue for the court to resolve, and its determination is entitled to great deference given its 'opportunity to evaluate [first-hand] the weight and credibility of [the] conflicting expert testimony' " (Matter of Luis S. v State of New York, 166 AD3d 1550, 1554 [4th Dept 2018], appeal dismissed 35 NY3d 985 [2020]).
Contrary to petitioner's further contention, respondent established by clear and convincing evidence (see Mental Hygiene Law
§ 10.09 [h]; see generally Matter of Groves v State of New York, 124 AD3d 1213, 1214 [4th Dept 2015]) that petitioner has "serious difficulty in controlling" his sexual conduct (§ 10.03 [i]; see Matter of Edward T. v State of New York, 185 AD3d 1423, 1425 [4th Dept 2020]). Although petitioner's behavior while confined, including, inter alia, acts of aggression, dominance and control, did not involve sexual conduct, those behaviors are related to his risk to reoffend because the sexual offenses of which he was convicted involved those behaviors. Moreover, the experts of both petitioner and respondent opined that petitioner needs sexual offender treatment, but petitioner failed to complete the recommended sexual treatment programs while confined (see generally Matter of Edward T., 185 AD3d at 1425). We thus conclude that respondent met its burden of establishing that petitioner "is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control [his] behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]; see generally Matter of State of New York v Michael M., 24 NY3d 649, 658-659 [2014]).
We have considered petitioner's remaining contention and conclude that it is academic.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court