Matter of Application for Discharge of Doy S. v State of New York (2021 NY Slip Op 04456)





Matter of Application for Discharge of Doy S. v State of New York


2021 NY Slip Op 04456


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


549 CA 20-00579

[*1]IN THE MATTER OF THE APPLICATION FOR DISCHARGE OF DOY S., PETITIONER-RESPONDENT,
v
STATE OF NEW YORK, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT-APPELLANT.
ELIZABETH S. FORTINO, ACTING DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (MICHAEL H. MCCORMICK OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Robert E. Antonacci, II, J.), entered April 21, 2020 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, directed the release and discharge of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner is a convicted sex offender who was civilly committed pursuant to Mental Hygiene Law § 10.07 (f) in 2018. One year later, petitioner petitioned for discharge pursuant to section 10.09. After conducting an annual review hearing pursuant to section 10.09 (d), Supreme Court, inter alia, determined that petitioner does not suffer from a mental abnormality as that term is defined in section 10.03 (i), granted the petition, and directed petitioner's unconditional discharge from the custody of the New York State Office of Mental Health. Respondent State of New York (State) now appeals.
We agree with the State that the court erred in determining that a combination of antisocial personality disorder (ASPD) with psychopathy or ASPD with narcissistic traits cannot constitute the basis for a finding of mental abnormality. At the annual review hearing, the State has the burden of establishing by clear and convincing evidence that the offender continues to suffer from a mental abnormality and that he or she remains a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.09 [d], [h]). A mental abnormality is defined as a "congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]). "Thus, not only must the State establish by clear and convincing evidence the existence of a predicate condition, disease or disorder, it must also link that condition, disease or disorder to a person's predisposition to commit conduct constituting a sex offense and to that person's serious difficulty in controlling such conduct" (Matter of State of New York v Dennis K., 27 NY3d 718, 726 [2016], cert denied 137 S Ct 579 [2016] [internal quotation marks omitted]; see also § 10.07 [d]). A diagnosis need not be limited to mental disorders listed in the Diagnostic and Statistical Manual of Mental Disorders (see Matter of State of New York v Shannon S., 20 NY3d 99, 106 [2012], cert denied 568 US 1216 [2013]).
In Matter of State of New York v Donald DD. (24 NY3d 174, 189-191 [2014]), the Court of Appeals held that a diagnosis of ASPD, by itself, is insufficient to support a mental abnormality finding. Rather, it must be "accompanied by a diagnosis of any other condition, disease or disorder alleged to constitute a mental abnormality" (id. at 190 [emphasis added]).
The State's expert here diagnosed petitioner with ASPD with narcissistic features and the condition of psychopathy, and the expert testified that those diagnoses, together with petitioner's enduring hostility towards women, collectively constitute a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). She acknowledged that the scientific community has been debating for decades whether psychopathy is a distinct condition from ASPD, but she opined that they were indeed separate conditions. Petitioner's expert, on the other hand, diagnosed petitioner with ASPD but testified that petitioner had no other conditions in addition to that diagnosis that would render him a sex offender within the meaning of Mental Hygiene Law article 10. He further testified that psychopathy was simply an extreme variant of ASPD and should not be considered a condition separate from ASPD.
The court determined that a diagnosis of psychopathy or psychopathic features is still only a diagnosis of ASPD alone and thus, under Donald DD. (24 NY3d at 190), could not constitute an "other condition" to provide a basis for a finding of a mental abnormality. We agree with the State that, in so holding, the court did not resolve the conflict between the experts regarding ASPD and psychopathy by weighing their testimony but rather made a determination that, generally speaking and without regard to petitioner's specific case, a finding of ASPD and psychopathy can never provide a basis for a finding of mental abnormality. Contrary to the court's apparent conclusion, "the Court of Appeals in Donald DD. did not state that diagnosis of ASPD with psychopathy is insufficient to support a finding of mental abnormality" (Matter of State of New York v Jerome A., 137 AD3d 557, 558 [1st Dept 2016]). When supported by expert testimony, a diagnosis of ASPD and psychopathy is legally sufficient to provide a basis for a finding of mental abnormality (see Matter of State of New York v Francisco R., 191 AD3d 989, 991 [2d Dept 2021]; Matter of State of New York v Marcello A., 180 AD3d 786, 787-790 [2d Dept 2020], appeal dismissed 36 NY3d 940 [2020]; Matter of Suggs v State of New York, 142 AD3d 1283, 1284 [4th Dept 2016]; Jerome A., 137 AD3d at 558; see also Dennis K., 27 NY3d at 750-752; Matter of State of New York v Williams, 139 AD3d 1375, 1378 [4th Dept 2016], lv denied 28 NY3d 910 [2016], cert denied 137 S Ct 2276 [2017]). Inasmuch as there was conflicting expert opinion on the matter, the court should have weighed the testimony of the experts in rendering its determination whether petitioner suffers from a mental abnormality (see generally Shannon S., 20 NY3d at 107), which it did not do.
The court further determined that the diagnosis of ASPD with narcissistic features could not support a finding of a mental abnormality because the diagnosis of "with [n]arcissistic [f]eatures" was subsumed into the diagnosis of ASPD. We agree with the State that the court erred in so holding because its determination was not based on the expert testimony before it. Rather, the court substituted its own psychological judgment for that of the parties' experts, which was improper (see Scalisi v Oberlander, 96 AD3d 106, 122 [1st Dept 2012]; see generally Donald DD., 24 NY3d at 190; Matter of State of New York v Richard F., 180 AD3d 1339, 1340 [4th Dept 2020]).
Contrary to the State's contention, however, in light of the conflicting expert testimony, there is not uncontroverted evidence that petitioner has a mental abnormality. We therefore reverse the order and remit the matter to the Supreme Court for a new hearing on whether petitioner continues to suffer from a mental abnormality and remains a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.09 [d], [h]). We also direct that the new hearing in this matter be conducted before a different judge.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court