Matter of Ruben M. v State of New York (2022 NY Slip Op 07371)

Matter of Ruben M. v State of New York

2022 NY Slip Op 07371

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

869 CA 21-01432

[*1]OF RUBEN M. FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (BENJAMIN L. NELSON OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Robert E. Antonacci, II, J.), entered September 2, 2021. The order, inter alia, continued the commitment of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing held pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]).
We reject petitioner's contention that Supreme Court's determination is against the weight of the evidence. Pursuant to Mental Hygiene Law, a person is classified as a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The statute defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]). Contrary to petitioner's contention, the fact that the expert witnesses each diagnosed petitioner with different disorders does not constitute an irreconcilable conflict that negated both diagnoses. Rather, a sex offender may suffer from multiple illnesses, not to be viewed in isolation, that work in tandem with one another to predispose the offender to commit a sex offense (see generally Matter of State of New York v David D., 206 AD3d 481, 485 [1st Dept 2022]). Moreover, where experts conflict as to a specific diagnosis, a question of fact is created to be resolved by the factfinder (see generally Matter of State of New York v Ted B., 174 AD3d 630, 632 [2d Dept 2019]; Matter of State of New York v David B., 156 AD3d 793, 793 [2d Dept 2017], lv denied 31 NY3d 904 [2018]). Any disagreement between the experts regarding petitioner's diagnoses was considered by the court, and the court's finding that petitioner suffers from a mental abnormality was consistent with a "fair interpretation of the evidence" (Matter of State of New York v Nervina, 120 AD3d 941, 943 [4th Dept 2014], affd 27 NY3d 718 [2016], cert denied — US &mdash, 137 S Ct 574 [2016]; see Matter of Brandon D. v State of New York, 195 AD3d 1478, 1479-1480 [4th Dept 2021]).
Similarly, the court's determination that petitioner is a dangerous sex offender requiring [*2]confinement is not against the weight of the evidence. Both expert witnesses opined that petitioner would have serious difficulty controlling future sexual misconduct due to his lack of engagement with treatment and his failure to acknowledge his sex crimes at all (see Matter of Charles B. v State of New York, 192 AD3d 1583, 1586 [4th Dept 2021], lv denied 37 NY3d 93 [2021]; see also Matter of Edward T. v State of New York, 185 AD3d 1423, 1425 [4th Dept 2020]). Indeed, petitioner did not believe that he should be considered a sex offender (see generally Matter of Akgun v State of New York, 148 AD3d 1613, 1614 [4th Dept 2017]). Rather, petitioner flatly denied any sexual problem and blamed his ex-wife for the brutal rape and torture she endured. Further, although petitioner has not demonstrated any overt sexual misconduct while confined, he has exhibited aggressive misbehavior that, although not of a sexual nature, is relevant to a determination with respect to his inability to control his behavior (see Matter of Clarence H. v State of New York, 195 AD3d 1532, 1534 [4th Dept 2021]). In addition, petitioner clearly indicated that he did not wish to be released to strict and intensive supervision and treatment and could not guarantee that he would comply with the terms and conditions that might be imposed.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court