Matter of State of New York v Ezikiel R. (2024 NY Slip Op 00321)

Matter of State of New York v Ezikiel R.

2024 NY Slip Op 00321

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-10038
 (Index No. 576/20)

[*1]In the Matter of State of New York, appellant,
v
Ezikiel R. (Anonymous), respondent.

Letitia James, Attorney General, New York, NY (Judith N. Vale and Stephen J. Yanni of counsel), for appellant.
Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Ana Vuk-Pavlovic, and Dennis B. Feld of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Ezikiel R., a sex offender allegedly requiring civil management, the petitioner appeals from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), dated November 14, 2022. The order, upon a finding, made after a nonjury trial, that Ezikiel R. does not suffer from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), in effect, denied the petition.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the finding that Ezikiel R. does not suffer from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) is set aside, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of mental abnormality in accordance herewith and, if necessary, a dispositional hearing.
In 2008, Ezikiel R. (hereinafter the respondent) was convicted, after a jury trial, inter alia, of sexual abuse in the first degree and sentenced to an aggregate term of imprisonment of seven years. As the respondent neared the maximum expiration date of his prison sentence, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, alleging that he was a sex offender requiring civil management. After a nonjury trial, the Supreme Court found that the State failed to prove by clear and convincing evidence that the respondent suffers from sexual sadism disorder, but proved by clear and convincing evidence that the respondent suffers from antisocial personality disorder (hereinafter ASPD) and psychopathy. Nevertheless, relying on Matter of State of New York v Donald DD. (24 NY3d 174), the court found that the respondent does not suffer from a mental abnormality as that term is defined in Mental Hygiene Law § 10.03(i). In an order dated November 14, 2022, the court, in effect, denied the petition. The State appeals.
Initially, the Supreme Court incorrectly determined that the respondent's diagnoses of ASPD and psychopathy cannot constitute the basis for a finding of mental abnormality (see Matter of Doy S. v State of New York, 196 AD3d 1165, 1166; Matter of State of New York v Francisco R., 191 AD3d 989; Matter of State of New York v Marcello A., 180 AD3d 786, 789). Although a civil commitment under Mental Hygiene Law article 10 may not be based solely on a diagnosis of ASPD together with evidence of sexual crimes (see Matter of State of New York v Donald DD., 24 NY3d [*2]at 189), the Court of Appeals "'did not state that a diagnosis of ASPD with psychopathy is insufficient to support a finding of mental abnormality'" (Matter of Doy S. v State of New York, 196 AD3d at 1167, quoting Matter of State of New York v Jerome A., 137 AD3d 557, 558). On the contrary, "[w]hen supported by expert testimony, a diagnosis of ASPD and psychopathy is legally sufficient to provide a basis for a finding of mental abnormality" (Matter of Doy S. v State of New York, 196 AD3d at 1167; see Matter of State of New York v Marcello A., 180 AD3d 786). Inasmuch as the Supreme Court determined that it was "constrained to find, pursuant to the Court of Appeals' holding in Donald DD, that the respondent does not suffer from a mental abnormality as defined in Article 10 of the Mental Hygiene Law" based upon the respondent's diagnoses of ASPD and psychopathy, that determination was error.
Further, the Supreme Court's finding that the State failed to prove by clear and convincing evidence that the respondent suffers from sexual sadism disorder was not warranted by the facts. "In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Clarence D., 82 AD3d 776, 777; see Matter of State of New York v Allan A., 207 AD3d 635, 637). As testified to by an expert at the trial, the diagnostic criteria for sexual sadism disorder is met when a person who, within a period of at least six months, has pervasive sexual interest in the pain and psychological or physical suffering of another person as evidenced by urges, fantasies, or behaviors, and that such person has acted upon such urges, fantasies, or behaviors with a nonconsenting person. The State provided evidence that, in October 1983, when the respondent was only 18 years old, he, together with two codefendants, illegally entered an apartment and raped a female victim repeatedly over a period of four hours. The respondent and his codefendants also urinated into the victim's mouth and forced her to swallow their urine. During the qualifying offense in November 2007, the respondent sexually assaulted a female acquaintance, allowed the victim to dress after the sexual assault, and then forced her to strip again before beating her over the head with a padlock. The respondent also took a photograph of himself licking the victim's breast during the sexual assault. The State presented the testimony of two experts, one of whom gave the respondent a provisional diagnosis of sexual sadism disorder, and one of whom gave the respondent a full diagnosis of sexual sadism disorder. While we afford great weight to the credibility determinations of a trial court, we find that, under the particular circumstances of this case, the State met its burden of proving by clear and convincing evidence that the respondent suffers from sexual sadism disorder.
Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for a new trial on and determination of whether the respondent's diagnoses of ASPD, psychopathy, and sexual sadism disorder are sufficient to find that the respondent suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) and, if necessary, a dispositional hearing.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court