Matter of Kerry K. v State of New York (2024 NY Slip Op 01382)

Matter of Kerry K. v State of New York

2024 NY Slip Op 01382

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

12 CA 23-00200

[*1]IN THE MATTER OF KERRY K., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Donald A. Greenwood, J.), entered January 11, 2023, in a proceeding pursuant to Mental Hygiene Law article 10. The order continued the confinement of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We
affirm.
At the annual review hearing, respondent had the burden to prove, by clear and convincing evidence, that petitioner was currently a dangerous sex offender requiring confinement (see Mental Hygiene Law
§ 10.09 [d], [h]). "A person may be found to be a dangerous sex offender requiring confinement if that person 'suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility' " (Matter of Ezra B. v State of New York, 221 AD3d 1597, 1598 [4th Dept 2023], quoting § 10.03 [e]; see Matter of Nushawn W. v State of New York, 215 AD3d 1227, 1228 [4th Dept 2023], lv denied 40 NY3d 901 [2023]).
Here, contrary to petitioner's contention, Supreme Court's determination that he suffers from a mental abnormality is not against the weight of the evidence. A mental abnormality is "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes [them] to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]; see Nushawn W., 215 AD3d at 1228-1229). Respondent's expert opined that petitioner suffered from antisocial personality disorder (ASPD) with high psychopathic traits. She also opined that petitioner had a high score on the Severe Sexual Sadism Scale, although she testified that she did not diagnose petitioner with sexual sadism inasmuch as he was one point shy of the level for diagnosis. Furthermore, the record reflects that petitioner refused to allow respondent's expert to interview him, and we note that we may consider that refusal as a factor in our analysis (see Matter of State of New York v Jesus H., 176 AD3d 646, 648 [1st Dept 2019], appeal dismissed 35 NY3d 1103 [2020]; see also § 10.07 [c]).
As petitioner correctly contends, a diagnosis of ASPD, alone, is insufficient to support a [*2]mental abnormality finding under Mental Hygiene Law article 10 (see Matter of State of New York v Dennis K., 27 NY3d 718, 725 [2016], cert denied 580 US 1023 [2016]; Matter of State of New York v Donald DD., 24 NY3d 174, 177 [2014]). However, "[w]hen supported by expert testimony, a diagnosis of ASPD and psychopathy is legally sufficient to provide a basis for a finding of mental abnormality" (Matter of Doy S. v State of New York, 196 AD3d 1165, 1167 [4th Dept 2021]; see Matter of Clarence H. v State of New York, 195 AD3d 1532, 1533 [4th Dept 2021]).
Respondent's expert further opined, based on her comprehensive review of petitioner's psychological records, that petitioner's conditions predisposed him to commit sexual offenses and that he had serious difficulty controlling such conduct. Although the independent expert called as a witness by petitioner opined that petitioner did not have a mental abnormality, the court "was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented," and we see no reason to disturb the court's decision to credit the testimony of respondent's expert (Matter of Derek G. v State of New York, 174 AD3d 1360, 1361-1362 [4th Dept 2019] [internal quotation marks omitted]).
We similarly reject petitioner's contention that the determination that he is a dangerous sex offender requiring confinement is otherwise against the weight of the evidence (see Mental Hygiene Law § 10.03 [e]). Respondent's expert concluded that, as a result of petitioner's mental conditions, diseases or disorders, he had such an inability to control his behavior that he is likely to commit sex offenses if not confined to a secure treatment facility. Respondent's expert also opined that petitioner posed a high risk for sexual violence based on the Violence Risk Scale-Sex Offender version, a test designed to evaluate an individual's risk of sexual violence (see Matter of Allan M. v State of New York, 163 AD3d 1493, 1494 [4th Dept 2018], lv denied 32 NY3d 908 [2018]). In addition, expert testimony "established that petitioner has made very little progress in sex offender treatment based on his sporadic attendance and superficial participation" and that, in general, "petitioner has shown a lack of interest in meaningfully discussing his prior offenses and has not been able to develop insight into his offense cycle" (Matter of Edward T. v State of New York, 185 AD3d 1423, 1424 [4th Dept 2020]). Again, "[t]he court was 'in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented,' " and we see no reason to disturb the court's decision to credit the testimony of respondent's expert (Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court