# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

287
CA 14-02176
PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF LARRY BILLINGER, CONSECUTIVE NO. 75001,
FROM CENTRAL NEW YORK PSYCHIATRIC CENTER
PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(BENJAMIN D. AGATA OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered October 29, 2014 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, directed that petitioner shall continue to be confined to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he currently suffers from a mental abnormality under Mental Hygiene Law § 10.03 (i) and directing that petitioner continue to be confined to a secure treatment facility (*see* § 10.09 [h]). We affirm.

We reject petitioner's contention that the evidence is not legally sufficient to establish that he requires confinement. Respondents' evidence consisted of the report and testimony of a psychologist who evaluated petitioner and opined that petitioner suffers from pedophilic disorder of a nonexclusive type, antisocial personality disorder, and borderline intellectual functioning, and that, as a result of those mental abnormalities, petitioner has serious difficulty controlling his disposition to sexually offend, thereby requiring his confinement. Respondents' expert also opined

that petitioner remains at the "relatively early" "Phase II" of his treatment at the Central New York Psychiatric Center, that petitioner does not have an adequate relapse prevention plan, and that petitioner's risk of sexual recidivism was high as indicated by a Static-99R score of 8.  Upon our review of the record, we conclude that respondents established by the requisite clear and convincing evidence that petitioner "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; *see Matter of State of New York v Robert F.*, 25 NY3d 448, 454-455; *Matter of State of New York v Floyd Y.*, 135 AD3d 70, 74-75; *Matter of State of New York v Richard TT.*, 132 AD3d 72, 76-79, *appeal dismissed* 26 NY3d 994).  To the extent that petitioner contends that the determination is against the weight of the evidence, we reject that contention.  Supreme Court "was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented . . . , and we see no reason to disturb the court's decision to credit the testimony of [respondents'] expert[]" (*Matter of State of New York v Parrott*, 125 AD3d 1438, 1439, *lv denied* 25 NY3d 911 [internal quotation marks omitted]).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court