# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

234
CA 15-02101
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF DENIS AKGUN, CONSECUTIVE NO. 21956, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

                          V                          MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(BRYCE THERRIEN OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Louis
P. Gigliotti, A.J.), entered November 10, 2015 in a proceeding
pursuant to Mental Hygiene Law article 10.  The order determined that
petitioner is a detained sex offender who currently suffers from a
mental abnormality and directed that petitioner be placed on strict
and intensive supervision and treatment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner appeals from an order, entered after an
annual review hearing pursuant to Mental Hygiene Law § 10.09 (d),
determining that he is a detained sex offender who currently suffers
from a mental abnormality as defined by section 10.03 (i) and
discharging him to a regimen of strict and intensive supervision and
treatment (*see* §§ 10.03 [q] [2]; 10.09 [h]).  Petitioner contends that
the evidence is legally insufficient to support the finding that he
suffers from a mental abnormality within the meaning of the statute
because the evidence presented by respondents at the hearing did not
establish that he has "serious difficulty in controlling" his sex-
offending conduct (§ 10.03 [i]).  We reject that contention.

Respondents presented the testimony and examination report of a
psychologist who opined that, pursuant to the DSM-V, petitioner
suffers from other specified paraphilic disorder (non-consent, with

sadistic traits) and antisocial personality disorder.  The psychologist further opined that petitioner's conditions predisposed him to the commission of conduct constituting a sex offense and resulted in his having serious difficulty in controlling his sex-offending conduct.  The psychologist explained that, among other factors, her opinion was based upon petitioner's pattern of sexual misconduct during which he committed increasingly violent rapes of several women over a short period of time; his admissions and other evidence that he was, and continued to be, aroused by elements of fear, humiliation and control; and his inadequate progress in treatment with respect to understanding and addressing his arousal patterns and sadistic form of sexual deviance, which prevented him from developing adequate skills to manage the risks associated therewith (*see Matter of Rene I. v State of New York*, 146 AD3d 1056, 1057-1058; *Matter of Wright v State of New York*, 134 AD3d 1483, 1486).  Indeed, the psychologist further explained that petitioner continued to refer to himself during sex offender treatment as an "anger rapist" who had issues with power and control, but there was insufficient evidence that petitioner had adequately addressed that issue while in treatment (*see Matter of State of New York v Dennis K.*, 27 NY3d 718, 734, *cert denied* ___ US ___, 137 S Ct 579).  The psychologist also noted that petitioner continued to harbor negative views and hostility toward women, and that petitioner's score on a VRS:SO test that she administered indicated that petitioner was in the high risk group for reoffending sexually (*see Rene I.*, 146 AD3d at 1058; *Wright*, 134 AD3d at 1486-1487).  Viewing the evidence in the light most favorable to respondents, we conclude that respondents "provided '[a] detailed psychological portrait' of [petitioner] that met [their] burden of demonstrating by clear and convincing evidence that he had 'serious difficulty' in controlling his sex-offending conduct" (*Dennis K.*, 27 NY3d at 751).

To the extent that petitioner also contends that the determination is against the weight of the evidence, we reject that contention.  The court "was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented . . . , and we see no reason to disturb the court's decision to credit the testimony of [respondents'] expert[]" (*Matter of Billinger v State of New York*, 137 AD3d 1757, 1758, *lv denied* 27 NY3d 911 [internal quotation marks omitted]).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court