Matter of State of New York v Scott W. (2018 NY Slip Op 02963)





Matter of State of New York v Scott W.


2018 NY Slip Op 02963


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


402 CA 16-01091

[*1]IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
SCOTT W., RESPONDENT-APPELLANT. 






MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Douglas A. Randall, A.J.), dated May 24, 2016 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10, alleging that respondent is a sex offender requiring civil management. After a jury trial, the jury found that respondent is a detained sex offender suffering from a mental abnormality (see §§ 10.03 [i]; 10.07 [d]). Supreme Court then held a dispositional hearing and found that respondent is a dangerous sex offender requiring confinement and committed him to a secure treatment facility (see § 10.07 [f]). Respondent now appeals, and we affirm.
Contrary to respondent's contention, he was not denied a fair trial by certain evidentiary rulings of the court, which were the result of the failure of respondent's expert witness to update her written report after her review of additional material and a further interview with respondent (see Matter of State of New York v Robert M., 133 AD3d 670, 671-672 [2d Dept 2015], lv denied 26 NY3d 917 [2016]; see generally Mental Hygiene Law § 10.06 [e]). In any event, we conclude that any error is harmless (see generally Matter of State of New York v Robert F., 25 NY3d 448, 454 [2015]; Matter of State of New York v Charada T., 23 NY3d 355, 362 [2014]).
We reject respondent's contention that the evidence is not legally sufficient to establish that he has a mental abnormality. Petitioner's two expert witnesses and respondent's expert witness all testified that respondent suffers from sexual sadism disorder. Petitioner's expert witnesses further testified that respondent's deviant thoughts predispose him to commit sex offenses, and his pattern of offending after incarceration and release, as well as his inadequate progress in treatment in addressing his deviance and fantasies, shows that he has serious difficulty controlling his behavior. We therefore conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent has "a congenital or acquired condition, disease or disorder that affects [his] emotional, cognitive, or volitional capacity . . . in a manner that predisposes him . . . to the commission of conduct constituting a sex offense and that results in [respondent] having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]; see Matter of Akgun v State of New York, 148 AD3d 1613, 1613-1614 [4th Dept 2017]; Matter of State of New York v Bushey, 142 AD3d 1375, 1376 [4th Dept 2016]; see generally Matter of State of New York v Dennis K., 27 NY3d 718, 734-735 [2016], cert denied — US &mdash, 137 S Ct 579 [2016]). We further conclude that the verdict is not against the weight of the evidence (see Akgun, 148 AD3d at 1614; Matter of State of New York v Gierszewski, 81 AD3d 1473, 1473-1474 [4th Dept 2011], lv denied 17 NY3d 702 [2011]).
We further reject respondent's contention that the evidence is not legally sufficient to establish that he requires confinement. Petitioner's experts opined that respondent is a dangerous sex offender requiring confinement based on, inter alia, his high scores on risk assessment instruments and his insufficient progress in sex offender treatment. We conclude that petitioner met its burden of establishing by clear and convincing evidence that respondent "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; see Matter of Sincere M. v State of New York, 156 AD3d 1427, 1427 [4th Dept 2017]; Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]). We further conclude that the court's determination is not against the weight of the evidence (see Parrott, 125 AD3d at 1439).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court