Matter of Allan M. v State of New York (2018 NY Slip Op 05424)





Matter of Allan M. v State of New York


2018 NY Slip Op 05424


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


802 CA 16-01167

[*1]OF ALLAN M., CONSECUTIVE NO. 56998, FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH, AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR PETITIONER-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered June 14, 2016. The order, among other things, continued petitioner's commitment to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement (see § 10.03 [e]) and ordering his continued commitment to a secure treatment facility pursuant to Mental Hygiene Law § 10.09 (h).
We reject petitioner's contention that the evidence is not legally sufficient to establish that he requires continued confinement. Respondents' evidence at the hearing consisted of the report and testimony of a psychologist who evaluated petitioner and opined that petitioner suffers from nonexclusive pedophilic disorder, unspecified paraphilic disorder, antisocial personality disorder, and psychopathy. The expert concluded that, as a result of those mental conditions, diseases or disorders, petitioner has such an inability to control his behavior that he is likely to commit sex offenses if not confined to a secure treatment facility. Respondents' expert also concluded that petitioner posed a high risk for sexual violence based on the Violence Risk Scale-Sex Offender version, a test designed to evaluate an individual's risk of sexual violence. Respondents' expert based her opinions on, inter alia, the fact that petitioner has "not been treatment compliant" and that he has remained in Phase I of treatment, despite being in a secure treatment facility for almost five years.
Although respondents' expert acknowledged that petitioner has not engaged in sexually inappropriate behavior while in confinement, she opined that the absence of such behavior is not indicative that he has learned to control his behavior. Rather, she attributed the absence of sexually inappropriate behavior while confined to petitioner's lack of access to his victim pool, which was mainly comprised of prepubescent males. Upon our review of the record, we conclude that respondents established by the requisite clear and convincing evidence that petitioner "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § [*2]10.03 [e]; see Matter of Billinger v State of New York, 137 AD3d 1757, 1758 [4th Dept 2016], lv denied 27 NY3d 911 [2016]; see also Matter of State of New York v Floyd Y., 30 NY3d 963, 965 [2017]).
We likewise reject petitioner's challenge to Supreme Court's determination on the ground that it is against the weight of the evidence. The court " was in the best position to evaluate the weight and credibility' " of respondents' expert testimony, and we perceive no reason to disturb the court's decision to credit that testimony (Billinger, 137 AD3d at 1758; see Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]).
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court