Matter of State of New York v Richard F. (2020 NY Slip Op 00943)





Matter of State of New York v Richard F.


2020 NY Slip Op 00943


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


133 CA 19-00283

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
RICHARD F., RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT PURSUANT TO MENTAL HYGIENE LAW ARTICLE 10. 






SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered December 27, 2018 in a proceeding pursuant to Mental Hygiene Law article 10. The order, insofar as appealed from, determined that respondent is a dangerous sex offender requiring confinement and committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the determination that respondent is a dangerous sex offender requiring confinement is vacated, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, respondent, as limited by his brief, appeals from that part of an order finding him to be a dangerous sex offender requiring confinement. We agree with respondent that the evidence is legally insufficient to establish that he required confinement. We therefore reverse the order insofar as appealed from, vacate the determination that respondent is a dangerous sex offender requiring confinement, and remit the matter to Supreme Court for the imposition of a regimen of strict and intensive supervision and treatment in accordance with Mental Hygiene Law § 10.11.
It is well established that, in the dispositional phase of a Mental Hygiene Law article 10 proceeding, petitioner State of New York (State) bears the burden of proving by clear and convincing evidence that the respondent offender has "such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he or she] is likely to be a danger to others and to commit sex offenses if not confined" (Mental Hygiene Law § 10.03 [e]; see Matter of State of New York v Floyd Y., 22 NY3d 95, 105 [2013]; Matter of State of New York v James R.C., 165 AD3d 1612, 1615 [4th Dept 2018]; see generally § 10.07 [f]). Put simply, "[t]he State may not civilly confine a sex offender in a locked treatment facility unless it proves that he or she has an inability' to control sexual misconduct" (Matter of State of New York v George N., 160 AD3d 28, 29 [4th Dept 2018]). To hold that the State has no burden of proof at the dispositional phase of an article 10 proceeding, as the State asks us to in this appeal, would create grave doubt concerning the constitutionality of the entire article 10 process (see generally Kansas v Crane, 534 US 407, 412-413 [2002]), and it is beyond cavil that a statute—in this case, section 10.07 (f)—should "be construed so as to avoid grave doubts concerning its constitutionality" (Fantis Foods v Standard Importing Co., 49 NY2d 317, 327 [1980]).
Here, given the unrefuted testimony from both the State's expert and respondent's expert that the 76-year-old respondent was not unable to control his sexual misconduct, we agree with respondent that the court's contrary determination was without foundation in the record and was thus unsupported by legally sufficient evidence (see generally George N., 160 AD3d at 33-34). [*2]Contrary to the court's conclusion, there was no reason to disregard the unanimous expert testimony. Indeed, the court itself remarked that the State "has no case," and its determination to order respondent's confinement notwithstanding that fact was improper and without any legal basis.
Finally, we are compelled to express our deep concern with the trial judge's abandonment of her neutral judicial role in this case by calling a witness, aggressively cross-examining that witness, and repeatedly overruling respondent's objections to such questions. We reiterate that "it is the function of the judge to protect the record at trial, not to make it[, and] the line is crossed when," as here, "the judge takes on either the function or appearance of an advocate at trial" (People v Arnold, 98 NY2d 63, 67 [2002]). We therefore direct that the further proceedings in this matter be conducted before a different judge.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court