Matter of Charles B. v State of New York (2021 NY Slip Op 01660)





Matter of Charles B. v State of New York


2021 NY Slip Op 01660


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1031 CA 19-01276

[*1]OF CHARLES B. FROM CENTRAL NEW YORK PSYCHIATRIC CENTER, PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Oneida County (Michael L. Dwyer, A.J.), entered May 30, 2019 in a proceeding pursuant to Mental Hygiene Law article 10. The amended order, inter alia, continued petitioner's confinement to a secure treatment facility. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an amended order, entered after an annual review hearing held pursuant to Mental Hygiene Law
§ 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We reject petitioner's contention that his due process rights were violated by a delay in holding a hearing in this case (see Matter of Wayne J. v State of New York, 184 AD3d 1133, 1134 [4th Dept 2020]; Matter of State of New York v Kerry K., 157 AD3d 172, 181-182 [2d Dept 2017]; Matter of State of New York v Keith F., 149 AD3d 671, 672-673 [1st Dept 2017], lv denied 29 NY3d 917 [2017], appeal dismissed 30 NY3d 1032 [2017]). The record reflects that much of the delay was attributable to petitioner's request for an independent psychological examiner, the completion of that examiner's report, petitioner's request to proceed pro se, and petitioner's motion to dismiss, all of which are not chargeable to respondent (see Wayne J., 184 AD3d at 1134).
Petitioner contends that Supreme Court erred in allowing respondent's expert witness to provide testimony based on hearsay evidence concerning petitioner's criminal history. Petitioner was indicted on charges stemming from four incidents that occurred in 1997, and he pleaded guilty to sexual abuse in the first degree and sexual abuse in the second degree in connection with two of those incidents. Petitioner contends that the expert witness should not have relied upon the other two incidents because he did not plead guilty to those charges and there is no indication that those charges were satisfied by his guilty plea. It is well settled that hearsay basis evidence is admissible in Mental Hygiene Law article 10 proceedings if the evidence is reliable and the probative value in assisting the factfinder to evaluate the expert's opinion outweighs its prejudicial effect (see Matter of State of New York v Floyd Y., 22 NY3d 95, 109 [2013]). "Criminal charges that resulted in neither acquittal nor conviction require close scrutiny" (id. at 110; see Matter of State of New York v John S., 23 NY3d 326, 343 [2014], rearg denied 24 NY3d 933 [2014]).
We agree with petitioner that the allegations underlying the two charges at issue "are not supported by an admission from [petitioner] or extrinsic evidence substantiating those [*2]allegations" (John S., 23 NY3d at 343), but we conclude that the court, as the trier of fact, was "presumed to be able to distinguish between admissible evidence and inadmissible evidence [and to abide by the limited purpose of hearsay evidence when admitted] and to render a determination based on the former" (Matter of State of New York v Bass, 119 AD3d 1356, 1357 [4th Dept 2014], lv denied 24 NY3d 908 [2014], cert denied 575 US 941 [2015] [internal quotation marks omitted]; see Matter of State of New York v Breeden, 140 AD3d 1649, 1650 [4th Dept 2016]). In any event, we further conclude that any error was harmless. "[T]here is no reasonable possibility that, had the [hearsay testimony] been excluded, the court would have reached a different determination" (Breeden, 140 AD3d at 1650 [internal quotation marks omitted]; see John S., 23 NY3d at 348-349; Matter of State of New York v Daniel J., 180 AD3d 1347, 1349-1350 [4th Dept 2020], lv denied 35 NY3d 908 [2020]).
We reject petitioner's contention that the evidence is legally insufficient to establish that he is a dangerous sex offender requiring confinement. Pursuant to the Mental Hygiene Law, a person is classified as a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The statute defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]). Respondent established by clear and convincing evidence that petitioner continues to suffer from a mental abnormality inasmuch as it presented evidence establishing that petitioner has been diagnosed with exhibitionistic disorder, bipolar I disorder, cannabis use disorder, and antisocial personality disorder, and provisionally diagnosed with unspecified paraphilic disorder, which, along with his high degree of psychopathy, predispose him to commit sex offenses and result in serious difficulty in controlling such conduct (see Matter of Luis S. v State of New York, 166 AD3d 1550, 1551-1552 [4th Dept 2018], appeal dismissed 35 NY3d 985 [2020]; Matter of Vega v State of New York, 140 AD3d 1608, 1609 [4th Dept 2016]; Matter of State of New York v Williams, 139 AD3d 1375, 1377-1378 [4th Dept 2016], lv denied 28 NY3d 910 [2016], cert denied — US &mdash, 137 S Ct 2276 [2017]).
Contrary to petitioner's contention, a finding of mental abnormality under Mental Hygiene Law § 10.03 (i) does not need to be based on a diagnosis of a sexual disorder, and legally sufficient evidence of a mental abnormality exists within the meaning of the statute if there is evidence linking the nonsexual disorder to a predisposition to commit sex crimes (see Matter of State of New York v Dennis K., 27 NY3d 718, 743 [2016], cert denied — US &mdash, 137 S Ct 579 [2016]). Here, respondent established that petitioner's exhibitionistic disorder was sufficiently connected to his sex-offending behavior (see id.). Respondent's expert witness testified that petitioner's sex-offending behavior had escalated from noncontact exhibitionistic conduct to contact offenses in which he broke into homes and had forcible sexual contact with females. In addition, petitioner repeatedly exposed himself and masturbated in front of female staff at the secure treatment facility, as recently as one week before the hearing (see Matter of State of New York v Peters, 144 AD3d 1654, 1654-1656 [4th Dept 2016]).
Respondent also established by clear and convincing evidence that petitioner requires continued confinement. Respondent's expert witness testified that petitioner's attendance at treatment groups was infrequent, and that he did not have a relapse prevention plan (see Breeden, 140 AD3d at 1650; Matter of Billinger v State of New York, 137 AD3d 1757, 1758 [4th Dept 2016], lv denied 27 NY3d 911 [2016]). She further testified that petitioner posed a high risk of reoffending based on, inter alia, his score on the Violence Risk Scale—Sex Offender Version, a test designed to evaluate an individual's risk of sexual violence (see Wayne J., 184 AD3d at 1135; Luis S., 166 AD3d at 1552). Finally, we reject petitioner's contention that the court's determination is against the weight of the evidence (see Wayne J., 184 AD3d at 1135; Billinger, 137 AD3d at 1758-1759).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court