Matter of State of New York v Scott M. (2022 NY Slip Op 00595)





Matter of State of New York v Scott M.


2022 NY Slip Op 00595


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1109 CA 19-00459

[*1]IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
SCOTT M., RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT PURSUANT TO MENTAL HYGIENE LAW ARTICLE 10. 






TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Wyoming County (John L. Michalski, A.J.), entered October 17, 2018 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, granted the petition for confinement and adjudged that respondent is a dangerous sex offender requiring confinement to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition for confinement is dismissed, and the matter is remitted to Supreme Court, Wyoming County, for further proceedings in accordance with the following memorandum: In this Mental Hygiene Law article 10 proceeding, respondent appeals from an order revoking his regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and confining him to a secure facility. As relevant here, a " '[d]angerous sex offender requiring confinement' " is a sex offender "suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he or she] is likely to be a danger to others and to commit sex offenses if not confined" (Mental Hygiene Law
§ 10.03 [e]). The statutory scheme "clearly envisages a distinction between sex offenders who have difficulty controlling their sexual conduct and those who are unable to control it. The former are to be supervised and treated as 'outpatients' and only the latter may be confined" (Matter of State of New York v Michael M., 24 NY3d 649, 659 [2014] [emphasis added]). In other words, only where the offender is "presently 'unable' to control his [or her] sexual conduct" may he or she be confined under section 10.03 (e) (Matter of State of New York v George N., 160 AD3d 28, 33 [4th Dept 2018] [emphasis added]).
Here, we agree with respondent that petitioner failed to meet its burden of proving, by clear and convincing evidence, that he is "presently 'unable' to control his sexual conduct" and is thus a dangerous sex offender requiring confinement (id.; see Matter of State of New York v Richard F., 180 AD3d 1339, 1340 [4th Dept 2020]). Contrary to petitioner's contention, the record does not establish that respondent touched an unknown adult female without her knowledge on an unknown date; rather, the record reflects only the possibility that such an act might have taken place. The balance of respondent's alleged SIST violations are technical missteps that do not evince an " 'inability' " to control sexual misconduct (George N., 160 AD3d at 31). We note that the report of petitioner's expert failed to meaningfully address respondent's successful integration into the community while on SIST. At most, petitioner established that respondent "was struggling with his sexual urges, not that he was unable to control himself" (Michael M., 24 NY3d at 659), and that is legally insufficient to justify confinement under Mental Hygiene Law
§ 10.03 (e) (see Michael M., 24 NY3d at 659-660). We therefore reverse the order, dismiss the petition for confinement, and remit the matter for further proceedings (see id. at 660; George N., [*2]160 AD3d at 34).
Respondent's remaining contentions are academic in light of our determination.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court