Matter of Francisco R. v State of New York (2023 NY Slip Op 01451)

Matter of Francisco R. v State of New York

2023 NY Slip Op 01451

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1036 CA 21-01697

[*1]OF FRANCISCO R., FROM CENTRAL NEW YORK PSYCHIATRIC CENTER, PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENCE LEGAL SERVICE, SYRACUSE (MICHAEL H. MCCORMICK OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Oneida County Court (Walter W. Hafner, Jr., A.J.), entered November 3, 2021. The order, inter alia, continued petitioner's placement in a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]).
We reject petitioner's contention that the determination that he is a dangerous sex offender requiring confinement is against the weight of the evidence. Pursuant to the Mental Hygiene Law, a person is classified as a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The statute defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]). Here, we conclude that the evidence does not preponderate so greatly in petitioner's favor that the factfinder could not have reached its conclusion that petitioner continues to suffer from a mental abnormality on any fair interpretation of the evidence (see Matter of State of New York v Connor, 134 AD3d 1577, 1578 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). The evidence established that petitioner has been diagnosed with antisocial personality disorder (ASPD), and alcohol, cannabis, and opioid use disorders, which, along with his high degree of psychopathy, predispose him to commit sex offenses and result in serious difficulty in controlling such conduct (see Matter of Vega v State of New York, 140 AD3d 1608, 1609 [4th Dept 2016]; Connor, 134 AD3d at 1578; see also Matter of Charles B. v State of New York, 192 AD3d 1583, 1585 [4th Dept 2021], lv denied 37 NY3d 913 [2021]; Matter of Luis S. v State of New York, 166 AD3d 1550, 1551-1552 [4th Dept 2018], appeal dismissed 35 NY3d 985 [2020]). Contrary to petitioner's contention, County Court did not conclude that a diagnosis of ASPD, in conjunction with the condition of psychopathy, constitutes as a matter of law a mental abnormality. Rather, the court noted that it may constitute evidence of a mental abnormality before it conducted an [*2]individualized determination "with[ ] regard to petitioner's specific case," as is required (Matter of Doy S. v State of New York, 196 AD3d 1165, 1167 [4th Dept 2021]; see Matter of State of New York v Francisco R., 191 AD3d 989, 991 [2d Dept 2021], lv denied 37 NY3d 986 [2021]; Matter of State of New York v Marcello A., 180 AD3d 786, 787-790 [2d Dept 2020], appeal dismissed 36 NY3d 940 [2020], lv denied 37 NY3d 911 [2021]; see also Matter of Suggs v State of New York, 142 AD3d 1283, 1284 [4th Dept 2016]).
The court's determination that petitioner requires continued confinement is also not against the weight of the evidence. Respondent's expert witness testified that petitioner's engagement with treatment had not resulted in any insight into his offending behavior and that petitioner continued to fall within the well above average range for risk of reoffending based upon his scores on the Violence Risk Scale-Sex Offender Version and the Static-99 (see Charles B., 192 AD3d at 1585-1586; Matter of Wayne J. v State of New York, 184 AD3d 1133, 1135 [4th Dept 2020], lv denied 36 NY3d 906 [2021]; Matter of Billinger v State of New York, 137 AD3d 1757, 1758 [4th Dept 2016], lv denied 27 NY3d 911 [2016]). Although petitioner presented expert testimony that would support a contrary finding, that "merely raised a credibility issue for the court to resolve, and its determination is entitled to great deference given its opportunity to evaluate [first-hand] the weight and credibility of [the] conflicting expert testimony" (Luis S., 166 AD3d at 1554 [internal quotation marks omitted]; see Matter of State of New York v Chrisman, 75 AD3d 1057, 1058 [4th Dept 2010]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court