Matter of Richard R. v State of New York (2023 NY Slip Op 04041)

Matter of Richard R. v State of New York

2023 NY Slip Op 04041

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

487 CA 22-00989

[*1]IN THE MATTER OF RICHARD R., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

TODD G. MONAHAN, LITTLE FALLS, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (James P. McClusky, J.), entered June 15, 2022, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We affirm.
We reject petitioner's contention that the evidence is legally insufficient to establish that he is currently a dangerous sex offender requiring confinement. Pursuant to the Mental Hygiene Law, a person may be found to be a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The Mental Hygiene Law defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]).
Contrary to petitioner's contention, viewing the evidence in the light most favorable to respondent (see Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]), we conclude that the evidence is legally sufficient to establish by clear and convincing evidence " 'the predisposition prong of the mental abnormality test' " (Matter of State of New York v Anthony B., 180 AD3d 688, 691 [2d Dept 2020], lv denied 35 NY3d 913 [2020]; see Matter of Edward T. v State of New York, 185 AD3d 1423, 1424 [4th Dept 2020]). Respondent's expert diagnosed petitioner with pedophilic disorder and other specified personality disorder with antisocial features, which, when viewed in combination, predispose him to commit sex offenses and were sufficiently connected to his sex offending behavior (see Matter of Charles B. v State of New York, 192 AD3d 1583, 1585 [4th Dept 2021], lv denied 37 NY3d 913 [2021]).
We further conclude that the evidence is legally sufficient to establish by clear and convincing evidence that petitioner has "serious difficulty in controlling" his sexual conduct (Mental Hygiene Law § 10.03 [i]; see Matter of State of New York v James R.C., 165 AD3d 1612, 1613 [4th Dept 2018]). Respondent established that petitioner failed to attend treatment groups, failed to have a relapse prevention plan, and had high scores on his risk assessment instruments (see Charles B., 192 AD3d at 1585-1586; Matter of State of New York v Scott W., [*2]160 AD3d 1424, 1426 [4th Dept 2018], lv denied 31 NY3d 913 [2018]). For the aforementioned reasons, we also conclude that respondent met its burden of establishing that petitioner has
" 'such an inability to control [his] behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility' " (Edward T., 185 AD3d at 1425, quoting
§ 10.03 [3]; see Charles B., 192 AD3d at 1585-1586).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court