Matter of Charles B. v State of New York (2025 NY Slip Op 02683)

Matter of Charles B. v State of New York

2025 NY Slip Op 02683

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

231 CA 24-00660

[*1]IN THE MATTER OF CHARLES B., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

TODD G. MONAHAN, LITTLE FALLS, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Gregory R. Gilbert, J.), entered April 16, 2024, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued petitioner's confinement in a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing his continued confinement in a secure treatment facility (see § 10.09 [h]). We affirm.
Contrary to petitioner's contention, respondent, State of New York (State), met its burden of proving by clear and convincing evidence that he requires continued confinement. The State presented the opinions of its own expert and the independent psychologist appointed by Supreme Court, who unanimously recommended that petitioner continues to require confinement in a secure facility, with each expert citing, among other things, petitioner's "varied" or "moderate" progress in treatment, his recent behavior reflecting the need for further treatment before he could be considered a candidate for release, and his relative risk of reoffending (see Matter of State of New York v Mahwee S., 232 AD3d 1325, 1325-1326 [4th Dept 2024], lv denied — NY3d — [2025]; Matter of Charles B. v State of New York, 192 AD3d 1583, 1585-1586 [4th Dept 2021], lv denied 37 NY3d 913 [2021]; Matter of State of New York v Treat, 100 AD3d 1513, 1513 [4th Dept 2012]; see generally Matter of Daniel J. v State of New York, 229 AD3d 1147, 1148 [4th Dept 2024], lv denied 42 NY3d 910 [2025]).
Petitioner further contends that he received ineffective assistance of counsel. Petitioner, however, failed to meet his burden of establishing the "absence of strategic or other legitimate explanations for his attorney's alleged deficiencies" (Matter of State of New York v Leslie L., 174 AD3d 1326, 1327 [4th Dept 2019], lv denied 34 NY3d 903 [2019]).
All concur except DelConte, J., who concurs in the result in the following memorandum: I concur with my colleagues that respondent, State of New York (State), met its burden of proving by clear and convincing evidence that petitioner continues to suffer from a mental abnormality and remains a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.09 [d], [h]; see generally Matter of State of New York v Mahwee S., 232 AD3d 1325, 1325-1326 [4th Dept 2024], lv denied — NY3d — [2025]; Matter of State of New York v Treat, 100 AD3d 1513, 1513 [4th Dept 2012]).
I write separately to emphasize my view that a court's role in an annual review hearing is to determine whether the State has met its burden of proof, and not—contrary to petitioner's contention—to exercise independent psychological judgment and disregard the unanimous [*2]opinions of the psychiatric experts (see generally Matter of Doy S. v State of New York, 196 AD3d 1165, 1168 [4th Dept 2021]; Matter of State of New York v Richard F., 180 AD3d 1339, 1340 [4th Dept 2020]).
Here, at the annual review hearing, petitioner stipulated: (1) that he suffered from a mental abnormality (see Mental Hygiene Law § 10.03 [i]); (2) that both the State's expert and the independent psychiatric examiner assigned by the court qualified as expert witnesses (see § 10.09 [b]); and (3) to the admission in evidence of both experts' forensic reports (see id.), which uniformly concluded, inter alia, that petitioner remains a dangerous sex offender requiring confinement (see § 10.09 [d], [h]). Petitioner did not call any witnesses and did not testify and, although petitioner's counsel strenuously cross-examined the State's expert, the State's expert testified—consistent with the unanimous reports—that petitioner remains a dangerous sex offender requiring confinement. Nevertheless, petitioner contends that, through sex offender therapy while confined, he has gained insight and self-awareness into his "struggles with sexual attraction to children" and, on that basis alone, we should conclude that he is not so dangerous as to require continuing confinement. Inasmuch as petitioner did not contest the legal sufficiency of the experts' opinions and failed to effectively challenge the credibility of both experts, the court concluded, correctly in my view, that there was no legal basis for it to "substitute[ ] its own psychological judgment for that of the parties'
experts" and disregard their uncontroverted opinions (Doy S., 196 AD3d at 1168; see generally Richard F., 180 AD3d at 1340).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court