Matter of John R. v State of New York (2025 NY Slip Op 05408)

Matter of John R. v State of New York

2025 NY Slip Op 05408

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

715 CA 24-01357

[*1]IN THE MATTER OF JOHN R., PETITIONER-APPELLANT,
T
v
HE STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Danielle M. Fogel, J.), entered July 25, 2024, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We affirm.
At an annual review hearing, the State has the burden to prove, by clear and convincing evidence, that the individual who is the subject of the hearing is currently a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.09 [d], [h]). A person may be found to be a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]).
Petitioner failed to preserve for our review his contention that respondent failed to establish by sufficient evidence that he suffers from a mental abnormality, inasmuch as he did not move for a directed verdict on the specific grounds raised on appeal (see generally Matter of State of New York v Robert R., 217 AD3d 1413, 1414 [4th Dept 2023]). To the extent that petitioner contends that the weight of the evidence does not support Supreme Court's finding that he suffers from a mental abnormality (see Mental Hygiene Law § 10.03 [i]), we reject that contention insofar as respondent's evidence at the hearing consisted of, inter alia, the report and testimony of a licensed psychologist who opined that petitioner currently suffers from unspecified paraphilic disorder, alcohol use disorder, and other specified personality disorder (narcissistic traits), which predispose him to commit sex offenses and result in his having serious difficulty in controlling such conduct (see Matter of Luis S. v State of New York, 166 AD3d 1550, 1551-1552 [4th Dept 2018], appeal dismissed 35 NY3d 985 [2020]; see also Matter of Charles B. v State of New York, 192 AD3d 1583, 1585 [4th Dept 2021], lv denied 37 NY3d 913 [2021]; Matter of Derek G. v State of New York, 174 AD3d 1360, 1360-1361 [4th Dept 2019]). Although petitioner "presented expert testimony that would support a contrary finding, that merely raised a credibility issue for the court to resolve, and its determination is entitled to great deference" (Luis S., 166 AD3d at 1554). We reject petitioner's related contention that basing the determination that he suffers from a mental abnormality in part upon a diagnosis of unspecified paraphilic disorder does not comport with the requirements of due process (see id. at 1552-1553).
We similarly reject petitioner's contention that the determination that he remains a dangerous sex offender requiring confinement is otherwise against the weight of the evidence (see Mental Hygiene Law § 10.03 [e]). Respondent's expert concluded that, as a result of petitioner's mental condition, disease, or disorder, he had such a strong predisposition to commit sex offenses and such an inability to control his behavior that he is likely to commit sex offenses if not confined to a secure treatment facility. Among other things, the testimony at the hearing established that petitioner had never completed sex offender treatment, minimized his past conduct, and generally lacked an insight into his condition (see Matter of Kerry K. v State of New York, 225 AD3d 1122, 1124 [4th Dept 2024], lv denied 42 NY3d 901 [2024]; Matter of Francisco R. v State of New York, 214 AD3d 1409, 1410 [4th Dept 2023]). Again, "[t]he court was 'in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented,' " and we see no reason to disturb the court's decision to credit the testimony of respondent's expert regarding petitioner's continued need for confinement (Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court