Matter of John H. v State of New York (2026 NY Slip Op 00723)

Matter of John H. v State of New York

2026 NY Slip Op 00723

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

923 CA 25-00266

[*1]IN THE MATTER OF JOHN H., PETITIONER-APPELLANT,
vSTATE OF NEW YORK, RESPONDENT-RESPONDENT. 

TODD G. MONAHAN, LITTLE FALLS, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Gerard J. Neri, J.), entered February 7, 2025, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We affirm.
At an annual review hearing, the State has the burden to prove, by clear and convincing evidence, that the individual who is the subject of the hearing is currently a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.09 [d], [h]). A person may be found to be a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The statute defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes [them] to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]; see Matter of Charles B. v State of New York, 192 AD3d 1583, 1585 [4th Dept 2021], lv denied 37 NY3d 913 [2021]).
Petitioner failed to preserve for our review his contention that respondent failed to establish by sufficient evidence that he suffers from a mental abnormality, inasmuch as he did not move for a directed verdict on the specific grounds raised on appeal (see Matter of John R. v State of New York, 242 AD3d 1571, 1572 [4th Dept 2025]; see generally Matter of State of New York v Robert R., 217 AD3d 1413, 1414 [4th Dept 2023]). To the extent that petitioner contends that the weight of the evidence does not support Supreme Court's finding that he suffers from a mental abnormality (see Mental Hygiene Law § 10.03 [i]), we reject that contention. Here, respondent's evidence at the hearing consisted of, inter alia, the report and testimony of a licensed psychologist who opined that petitioner suffered from narcissistic personality disorder, as well as other specified paraphilic disorders, which predispose him to commit sex offenses and result in his having serious difficulty in controlling such conduct (see Matter of Wayne J. v State of New York, 184 AD3d 1133, 1135 [4th Dept 2020], lv denied 36 NY3d 906 [2021]; Matter of Akgun v State of New York, 148 AD3d 1613, 1613-1614 [4th Dept 2017]).
We similarly reject petitioner's contention that the determination that he remains a dangerous sex offender requiring confinement is otherwise against the weight of the evidence [*2](see Mental Hygiene Law § 10.03 [e]). Respondent's expert concluded that, as a result of petitioner's mental condition, disease, or disorder, he had such a strong predisposition to commit sex offenses and such an inability to control his behavior that he is likely to commit sex offenses if not confined to a secure treatment facility. Among other things, the testimony at the hearing established that petitioner made little progress in sex offender treatment, that he continued to hold cognitive distortions and had not yet developed either the skills to manage his paraphilic interests or a comprehensive plan for avoiding his risk for recidivism in the community, and that he generally lacked insight into his condition (see Matter of Kerry K. v State of New York, 225 AD3d 1122, 1124 [4th Dept 2024], lv denied 42 NY3d 901 [2024]; Matter of Francisco R. v State of New York, 214 AD3d 1409, 1410 [4th Dept 2023]). Notably, petitioner did not present any evidence refuting the opinion of respondent's expert with regard to petitioner's mental abnormality or whether he remains a dangerous sex offender, and we see no reason to disturb the court's decision to credit the testimony of respondent's expert (see generally Kerry K., 225 AD3d at 1124; Matter of State of New York v Richard F., 180 AD3d 1339, 1340 [4th Dept 2020]; Matter of State of New York v Connor, 134 AD3d 1577, 1578 [4th Dept 2015], lv denied 27 NY3d 903 [2016]).
Petitioner failed to preserve for our review his contention that the court improperly admitted hearsay evidence that included the opinion from a report of a witness who was unavailable to testify inasmuch as petitioner failed to object when respondent's expert testified regarding the unavailable witness's diagnosis of petitioner contained in the report (see Matter of State of New York v Dennis K., 27 NY3d 718, 741 [2016], cert denied 580 US 1023 [2016]).
Finally, we reject petitioner's contention that he received ineffective assistance of counsel. Inasmuch as petitioner " 'is subject to civil confinement, the standard for determining whether effective assistance of counsel was provided in criminal matters is applicable here' " (Matter of State of New York v Robert T., 214 AD3d 1405, 1406 [4th Dept 2023], lv denied 41 NY3d 902 [2024]). Contrary to his contention, we conclude that petitioner failed to meet "his burden on appeal to demonstrate the absence of strategic or other legitimate explanations for his attorney's alleged deficiencies" (Matter of State of New York v Steven A., 193 AD3d 1344, 1345 [4th Dept 2021], lv denied 37 NY3d 911 [2021]; see Matter of State of New York v Juan U., 187 AD3d 1606, 1608 [4th Dept 2020], lv denied 36 NY3d 906 [2021]). Rather, "viewing the evidence, the law, and the circumstances of this case as a whole and at the time of the representation," we conclude that petitioner received effective assistance of counsel (Matter of State of New York v Parrott, 125 AD3d 1438, 1440 [4th Dept 2015], lv denied 25 NY3d 911 [2015]; see Juan U., 187 AD3d at 1609).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court