Matter of James S. v State of New York
2026 NY Slip Op 04077
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF JAMES S., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
353 CA 25-00491
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

FRANK S. PAPPALARDO, ACTING DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (WILLIAM M. HAYES OF COUNSEL), FOR RESPONDENT-RESPONDENT.

Appeal from an order of the Supreme Court, Oneida County (Robert Bauer, A.J.), entered February 24, 2025, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner to a secure treatment facility.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]).
We reject petitioner's contention that the evidence is legally insufficient to establish that he is a dangerous sex offender requiring confinement. Pursuant to the Mental Hygiene Law, a detained sex offender is classified as a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]).
Here, the parties stipulated that petitioner has a mental abnormality. Contrary to petitioner's contention, we conclude that respondent established by clear and convincing evidence that petitioner requires continued confinement (see Matter of Charles B. v State of New York, 192 AD3d 1583, 1585 [4th Dept 2021], lv denied 37 NY3d 913 [2021]). Respondent presented the testimony and report of its expert that petitioner continued to require confinement, that he had not made sufficient progress in treatment, that his present behavior and assessments suggested that he posed an above average risk of reoffending, and that he did not have a sufficient plan for his reentry into the community (see id. at 1585-1586; see also Matter of Francisco R. v State of New York, 214 AD3d 1409, 1410 [4th Dept 2023]; Matter of Allan M. v State of New York, 163 AD3d 1493, 1494 [4th Dept 2018], lv denied 32 NY3d 908 [2018]).
We reject petitioner's further contention that Supreme Court's determination is against the weight of the evidence. We perceive no basis to disturb the court's decision to credit the testimony of respondent's expert over the opinions and testimony of the independent expert (see Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]; see also Matter of State of New York v Robert T., 214 AD3d 1405, 1407 [4th Dept 2023], lv denied 41 NY3d 902 [2024]; Matter of State of New York v Leslie L., 174 AD3d 1326, 1328 [4th Dept 2019], lv denied 34 NY3d 903 [2019]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court